United States District Court
Southern District of Texas
**ENTERED**
June 21, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FELIX AUGUSTO AUZ SR and ROCIO DEL CARMEN AUZ,　　Debtors, | § § § § § § § § § § § § § | CIVIL ACTION NO. 4:22-cv-00424 |
| vs. | | JUDGE CHARLES ESKRIDGE |
| OVATION SERVICES LLC,　　Appellant. | | |

## OPINION AND ORDER

The United States Bankruptcy Court denied an application under 11 USC § 506(b) by Appellant Ovation Services LLC for the reimbursement of fees and expenses, finding that such fees and expenses had previously been paid in full. Ovation appeals from that order. Dkt 4. The judgment is vacated with the case remanded for further proceedings consistent with this opinion.

A district court functions as an appellate court when reviewing the decision of a bankruptcy court as to a core proceeding, thus applying the same standard of review as would a federal appellate court. See *In re Webb*, 954 F2d 1102, 1103–04 (5th Cir 1992). Findings of fact are reviewed for clear error. *In re Seven Seas Petroleum Inc*, 522 F3d 575, 583 (5th Cir 2008); see also Fed R Bankr P 8013.

At hearing, it appeared that the Bankruptcy Court misapprehended the previous fees and expenses that had been paid as compared to the fees and expenses that were subject to the pending request. Dkt 6. This is due primarily to the fact that the Bankruptcy Court canceled the noticed

hearing on the application and instead denied it solely based on the papers, even though unopposed.

To be sure, the business affairs of Debtors Felix Augusto Auz Sr and Rocio Del Carmen Auz (together, *Debtors*) made for a complicated bankruptcy proceeding, even if not dealing with a large amount at issue. Requiring time and attention at the outset were permission for the sale of certain of Debtors' real estate, agreement between the parties regarding repayment of Ovation's related tax loan, and defaults in that regard. See ROA 115–19 (parties' agreed order), 303 (notice of default), 135–47 (sale motion). Debtors in the midst of this filed their first plan of reorganization on July 31, 2021. ROA 120–32. That plan asserted that Ovation's loan would be paid in full upon approval by the Bankruptcy Court of Debtors' emergency motion for the sale of property subject to that loan. ROA 126. Debtors' sale motion was ultimately granted on September 1st. The order of the Bankruptcy Court in that regard provided terms of the sale and amounts owed to objecting parties. Of import here, this included $7,292.25 to Ovation for attorney fees and costs accrued as of August 31, 2021. ROA 251–52.

Due to various issues the sale didn't occur in September 2021 as expected, instead closing later that year on December 1st. Ovation received a wire transfer from Fidelity National Title Insurance on December 2nd in the amount of $220,928.57. ROA 334. Contending this amount was insufficient to cover post-petition claims as the result of the delayed sale—being $7,726.45 in attorney fees and expenses—Ovation objected to entry of Debtors' initial reorganization plan on December 13th. ROA 305–12. Debtors then twice amended their plan, each time asserting no balance owed to Ovation. See ROA 341–53 (first amended), 354–66 (second amended).

Maintaining that it hadn't been properly paid, Ovation ultimately objected to Debtors' then-pending plan on December 20st and filed an application for reimbursement of fees and expenses pursuant to 11 USC § 506(b) on December 28th. ROA 367–70 (objection), 382–90

(application). The application sought reimbursement in the amount of $7,726.45 for attorney fees and expenses incurred "from the date after the Sale Order was entered and the date of the Application"—thus being the period of September 3rd to December 21st of 2021. Dkt 4 at 7; see also ROA 385.

No party objected to the application. Hearing was set for January 26, 2022. ROA 403–04. But the Bankruptcy Court canceled the hearing and denied the application on January 24th, explaining that "under the Sale Order . . . Ovation has previously been paid in full." ROA 408.

Ovation's single issue on appeal is whether the Bankruptcy Court erred in denying its unopposed application without notice of the grounds and a hearing. Dkt 4 at 4. It did. To be clear, the $7,726.45 presently sought by Ovation is and remains an amount wholly separate from the prior $7,292.25 it previously sought and received. ROA 252. Factual conclusion to the contrary was clearly erroneous. It needn't be decided further whether cancelation of the hearing and denial of the unopposed application was itself legal error. But the facts leading to the factual error would no doubt have been clarified and understood had the hearing proceeded as scheduled.

The judgment of the Bankruptcy Court is VACATED.

This case is REMANDED for further proceedings consistent with this opinion.

SO ORDERED.

Signed on June 21, 2022, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge